Sergei Orel, Esq.
Law Office of Sergei Orel, LLC
7000 J F Kennedy Boulevard East
Suite M-21D, Lower Level Mall,
Guttenberg, New Jersey 07093
Phone: 201-945-5525
Fax: 201-945-5529
sorel@sergei-orel.com
Attorney for Defendants L and D Handbags
& Accessories, Inc., and Dominique Minassian

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---------------------------------------------------------x
THE BASU GROUP, INC.,

        Plaintiff,        :      Civil Action No. 2:10-cv-04037-SDW-MCA

    v.         :

L AND D HANDBAGS & ACCESSORIES,      : **ANSWER, AFFIRMATIVE**
INC., MIDNIGHT VELVET, INC.,         **DEFENSES AND COUNTERCLAIMS**
SEVENTH AVENUE, INC., and      :
DOMINIQUE MINASSIAN,      :

        Defendants.
---------------------------------------------------------x

    Defendants, L and D Handbags & Accessories, Inc., and Dominique Minassian ("Defendants"), in the above-entitled action, for their Answer to the complaint, allege as follows:

    1. The allegations of paragraph 1 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

    2. The allegations of paragraph 2 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

    3. The allegations of paragraph 3 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations of this paragraph are denied.

    4. Defendant admits the allegations in paragraph 4 of the complaint regarding the incorporation and principal place of business.

    5. Defendants are without knowledge or information sufficient to respond to the allegations contained in paragraph 5 of the complaint, and, so, the allegations contained in paragraph 5 are

1

denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the complaint, and, so, the allegations contained in paragraph 6 are denied.

7. Defendant admits the allegations contained in paragraph 7 of the complaint.

8. Defendant admits the allegations contained in paragraph 8 of the complaint.

9. Defendant admits the allegations contained in paragraph 9 of the complaint.

10. It is admitted that Defendant Dominique Minassian is an individual, and a US citizen, and is an owner and President of Defendant L and D Handbags & Accessories, Inc., and that he has an office at 1 Sherman Avenue, Jersey City, NJ 07307-2338. The remainder of the allegations contained in paragraph 10 of the complaint is denied.

11. The allegations of paragraph 11 of the complaint constitute legal conclusions to which no response is required. To the extent the allegations of this paragraph may be construed to assert facts, they are denied.

12. Defendants deny the allegations in paragraph 12 of the complaint.

**FIRST CAUSEOF ACTION FOR COPYRIGHT INFRINGEMENT ARTWORK – 400-PS**

13. Defendants incorporate by reference the preceding paragraphs of this answer.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, and, therefore, the allegations contained in paragraph 14 are denied.

15. The allegations of paragraph 15 of the complaint constitute legal conclusions to which no response is required. To the extent the allegations of this paragraph may be construed to assert facts, they are denied.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint, and, therefore, the allegations contained in paragraph 16 are denied.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint, and, therefore, the allegations contained in paragraph 17 are denied.

18. Defendants deny the allegations in paragraph 18 of the complaint.

19. Defendants deny the allegations in paragraph 19 of the complaint.

20. It is admitted that Defendant Dominique Minassian is an owner and President of Defendant L and D Handbags & Accessories, Inc.. The remainder of the allegations contained in paragraph 20 of the complaint is denied.

21. Defendants deny the allegations in paragraph 21 of the complaint.

22. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint, and, therefore, the allegations contained in paragraph 22 are denied.

23. Defendants deny the allegations in paragraph 23 of the complaint.

24. Defendants deny the allegations in paragraph 24 of the complaint.

25. Defendants deny the allegations in paragraph 25 of the complaint.

26. Defendants deny the allegations in paragraph 26 of the complaint.

27. Defendants deny the allegations in paragraph 27 of the complaint.

### SECOND CAUSEOF ACTION FOR COPYRIGHT INFRINGEMENT ARTWORK – 257-PRA

28. Defendants incorporate by reference the preceding paragraphs of this answer.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint, and, therefore, the allegations contained in paragraph 29 are denied.

30. The allegations of paragraph 30 of the complaint constitute legal conclusions to which no response is required. To the extent the allegations of this paragraph may be construed to assert facts, they are denied.

31. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint, and, therefore, the allegations contained in paragraph 31 are denied.

32. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint, and, therefore, the allegations contained in paragraph 32 are denied.

33. Defendants deny the allegations in paragraph 33 of the complaint.

34. Defendants deny the allegations in paragraph 34 of the complaint.

35. It is admitted that Defendant Dominique Minassian is an owner and President of Defendant L and D Handbags & Accessories, Inc.. The remainder of the allegations contained in paragraph 35 of the complaint is denied.

36. Defendants deny the allegations in paragraph 36 of the complaint.

37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint, and, therefore, the allegations contained in paragraph 37 are denied.

38. Defendants deny the allegations in paragraph 38 of the complaint.

39. Defendants deny the allegations in paragraph 39 of the complaint.

40. Defendants deny the allegations in paragraph 40 of the complaint.

41. Defendants deny the allegations in paragraph 41 of the complaint.

42. Defendants deny the allegations in paragraph 42 of the complaint.

## THIRD CAUSEOF ACTION FOR COPYRIGHT INFRINGEMENT ARTWORK – ROSE #5

43. Defendants incorporate by reference the preceding paragraphs of this answer.

44. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint, and, therefore, the allegations contained in paragraph 44 are denied.

45. The allegations of paragraph 45 of the complaint constitute legal conclusions to which no response is required. To the extent the allegations of this paragraph may be construed to assert facts, they are denied.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint, and, therefore, the allegations contained in paragraph 46 are denied.

47. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint, and, therefore, the allegations contained in paragraph 47 are denied.

48. Defendants deny the allegations in paragraph 48 of the complaint.

48. Defendants deny the allegations in paragraph 49 of the complaint.

50. It is admitted that Defendant Dominique Minassian is an owner and President of Defendant L and D Handbags & Accessories, Inc.. The remainder of the allegations contained in paragraph 50 of the complaint is denied.

51. Defendants deny the allegations in paragraph 51 of the complaint.

52. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint, and, therefore, the allegations contained in paragraph 52 are denied.

53. Defendants deny the allegations in paragraph 53 of the complaint.

54. Defendants deny the allegations in paragraph 54 of the complaint.

55. Defendants deny the allegations in paragraph 55 of the complaint.

56. Defendants deny the allegations in paragraph 56 of the complaint.

57. Defendants deny the allegations in paragraph 57 of the complaint.

Therefore, the Court should dismiss the complaint and award to Defendants their fees and costs in defending this matter along with such other relief as the Court deems just.

## JURY DEMAND

58. This paragraph in plaintiff's complaint does not require an admission or a denial. Defendants hereby demand trial by jury.

**WHEREFORE,** Defendants request judgment in their favor against plaintiff dismissing all claims against them with an award of attorneys' fees and costs of this suit.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert some or all of its claims.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff The Basu Group, ("Plaintiff") is not entitled to statutory damages or attorneys' fees under 17 U.S.C. § 412(2)) since Plaintiff did not register its claims of copyright prior to Defendants' alleged infringements or within three months after first publication.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

At all times, Defendants acted in a commercially reasonable and lawful manner.

### SIXTH AFFIRMATIVE DEFENSE

Some or all of the claims are barred by laches or the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Plaintiff's unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff failed to protect and/or enforce its alleged rights.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are moot.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff has waived some or all of its claims.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting some or all of its claims.

### TWELFTH AFFIRMATIVE DEFENSE

Some or all of the uses described or alleged constitute fair use under the applicable statutes.

### THIRTEENTH AFFIRMATIVE DEFENSE

Some or all of the claims in the complaint are barred by Plaintiff's improper use of copyright or trademark.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendants did not copy Plaintiff's work, but instead such work was independently created.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no harm and/or irreparable harm.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant has made no false or misleading statements or representations of fact regarding its products in question.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant has not engaged in any deceptive conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants had no knowledge of Plaintiff's copyright claims and/or copyright registrations when the Defendants imported and distributed the bags in question to co-defendants Midnight Velvet Inc and Seventh Avenue Inc. Even if one assumed that there was infringement of Plaintiff's alleged copyright, Defendants were innocent infringers.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants did not willfully infringe on Plaintiff's alleged copyright, but instead merely imported the bags in question from a supplier in India, without knowledge of any of Plaintiff's copyrights.

### TWENTIETH AFFIRMATIVE DEFENSE

What Plaintiff claims as its original works of art are in fact is in fact designs that have been around on the market in India for many years pre-dating the alleged dates of Plaintiff's creation of the artwork in question, which works Plaintiff now fraudulently misrepresents as its own,

while the works in question that were created by third parties in India prior to Plaintiff's alleged date of creation

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury nor is there a likelihood of injury.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's copyright, if any, are invalid.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's copyright registration, if any, are invalid.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim fails since the alleged infringing work is not substantially similar to the alleged copyrighted work.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's copyright infringement claim is barred by the doctrines of merger and/or scenes a faire.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The alleged damages sustained by plaintiff, if any, are the proximate result of the acts and/or omissions of parties over which Defendant exercised no control.

### COUNTERCLAIM

By way of counterclaim, defendants L and D Handbags & Accessories, Inc., and Dominique Minassian ("Defendants"), allege as follows:

1. Defendants incorporate by reference its foregoing answer.

### COUNT I

### (FRAUD AND MISREPRESENTATION OF MATERIAL FACT)

2. Plaintiff pass the artwork in question as its own work, while the works in question were

    created many years ago by third parties, to the best of Defendants' knowledge, and have been on the market in India for years.

3. What Plaintiff presents as its own copyrighted work is in fact a work in which some third party manufacturers or creators in India, presently unknown to Defendants, own copyright.

Wherefore, Defendants demand compensatory damages, punitive damages and such relief as the Court deems just.

## COUNT II

### (TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

4. Plaintiff intentionally and tortuously interfered with Defendants' prospective economic advantage by sending cease and desist letters to co-defendants Midnight Velvet and Seventh Avenut, Defendants' clients, thereby causing Defendants monetary damages.

Wherefore, Defendants demand compensatory damages, punitive damages and such relief as the Court deems just.

## COUNT III

### (TORTIOUS INTERFERENCE WITH CONTRACT)

5. Plaintiff intentionally and tortuously interfered with Defendants' contract that defendant had with co-fendants Midnight Velvet and Seventh Avenut, Defendants' clients, thereby causing Defendants monetary damages.

Wherefore, Defendants demand compensatory damages, punitive damages and such relief as the Court deems just.

## COUNT IV
### (UNFAIR COMPETITION)

6. Plaintiff's conduct alleged in foregoing paragraphs constitutes common-law unfair competition.
7. As a result of such unfair competition, Defendants lost sales, good will, normal growth opportunities, and suffered pecuniary injury.

Wherefore, Defendants demand compensatory damages, punitive damages and such relief as the Court deems just.

## CROSS-CLAIM

1. Defendants hereby bring a cross-claim against their supplier in India, i.e., SJS Exports PVT, LTD, of 122 D, Picnic Garden Road, Kolkata, 700-039, India.

2. Defendants bought the bags in question from SJS Exports PVT, LTD, who are liable to Defendants for all or part of a claim asserted in the action against Defendants by Plaintiffs.

Wherefore, Defendants demand judgment against SJS Exports PVT, LTD, compensatory damages, punitive damages and such relief as the Court deems just.

**WHEREFORE,** Defendant prays:

A. That the complaint be dismissed with costs.

B. That Plaintiff's copyright registrations in question be cancelled and declared invalid.

C. That Defendants recover from plaintiff their reasonable attorney fees.

D. That Defendants recover from plaintiff on her counterclaim punitive and compensatory damages in an amount to be determined.

E. That Defendant have such other and further relief as to the Court may seem just.

Dated: November 1, 2010

Respectfully submitted,

Sergei Orel, Esq.
Law Office of Sergei Orel, LLC
7000 J F Kennedy Boulevard East

10

Suite M-21D, Lower Level Mall,
Guttenberg, New Jersey 07093
Phone: 201-945-5525
Fax: 201-945-5529
sorel@sergei-orel.com
Attorney for Defendants L and D Handbags
& Accessories, Inc., and Dominique Minassian

## DESIGNATION OF TRIAL COUNSEL

In accordance with Fed. R. Civ. P. 11, Sergei Orel, Esq., is hereby designated the attorney of record for Defendants L and D Handbags & Accessories, Inc., and Dominique Minassian.

Dated:  November 1, 2010

_____
Sergei Orel, Esq.
Law Office of Sergei Orel, LLC
7000 J F Kennedy Boulevard East
Suite M-21D, Lower Level Mall,
Guttenberg, New Jersey 07093
Phone: 201-945-5525
Fax: 201-945-5529
sorel@sergei-orel.com
Attorney for Defendants L and D Handbags
& Accessories, Inc., and Dominique Minassian

## CERTIFICATE OF SERVICE

I certify that, on November 1, 2010, I filed the attached document through the Court's electronic case filing system such that the attached document will automatically be served on counsel for the plaintiff and co-defendants.

Dated: November 1, 2010

_____
Sergei Orel, Esq.
Law Office of Sergei Orel, LLC
7000 J F Kennedy Boulevard East
Suite M-21D, Lower Level Mall,
Guttenberg, New Jersey 07093
Phone: 201-945-5525
Fax: 201-945-5529
sorel@sergei-orel.com
Attorney for Defendants L and D Handbags
& Accessories, Inc., and Dominique Minassian