UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X
:
THE BASU GROUP, INC., :
:
:
Plaintiff, : Civil Action No.
: 2:10-cv-04037-SDW-MCA
v. :
: ECF CASE
:
L AND D HANDBAGS & ACCESSORIES, :
INC., MIDNIGHT VELVET, INC., : JURY DEMANDED
SEVENTH AVENUE, INC., :
and DOMINIQUE MINASSIAN :
:
Defendants. :
---------------------------------------------------------------X

**PLAINTIFF THE BASU GROUP, INC.'S ANSWER TO MIDNIGHT VELVET, INC.'S AND SEVENTH AVENUE, INC.'S COUNTERCLAIMS**

Plaintiff, The Basu Group, Inc. (hereinafter "Basu"), by and through its below signed attorneys, herein submits its Answer to Counterclaims to the Complaint (hereinafter "Counterclaims") of Defendants, Midnight Velvet, Inc. and Seventh Avenue, Inc. (hereinafter "MV" and "SA", respectively, or collectively as "Defendants"). To the extent not specifically admitted herein, the allegations of the Counterclaims are denied.

1. Admitted that paragraph 1 of the Counterclaims purports to assert that the Counterclaims are for a Declaration of invalidity of Copyrights owned by Basu, but as Basu denies any and all such claims, all of the allegations of paragraph 1 of the Counterclaims are denied.

**THE PARTIES**

2. Admitted.

3. Admitted.

4. Admitted that Basu is a corporation of the state of New Jersey, and is the proprietor of two copyright registrations, but denies that Basu is the proprietor of only two copyright registrations, as Basu is the proprietor of at least the three copyright registrations that reflect copyrightable works at issue herein.

### JURISDICTION AND VENUE

5. While denying any claim of invalidity or noninfringement, otherwise admitted.

6. Admitted that venue is appropriate in this judicial district, but denied as to all other allegations.

### First Counterclaim – Invalidity of Copyright Reg. No. VA 1-701-083

7. Plaintiff incorporates and realleges its responses to paragraphs 1-6 as if fully set forth herein.

8. Admitted that Basu signed and submitted on February 23, 2010 to the Copyright Office a copyright application which was registered as Reg. No. VA 1-701-083. Denied as to having certified the application under oath pursuant to 17 USC 506 (a) as the certification portion of a Copyright Application states 17 USC 506 (e), and not 17 USC 506 (a).

9. Basu is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the counterclaims because Basu cannot understand what is being stated in paragraph 9 of the counterclaims, and therefore denies the same.

10. Denied.

### Second Counterclaim – Invalidity of Copyright Reg. No. VA 1-706-730

11. Plaintiff incorporates and realleges its responses to paragraphs 1-10 as if fully set forth herein.

12. Admitted that Basu signed and submitted on or around March 27, 2010 to the Copyright Office a copyright application which was registered as Reg. No. VA 1-706-730. Denied as to having certified the application under oath pursuant to 17 USC 506 (a) as the certification portion of a Copyright Application states 17 USC 506 (e), and not 17 USC 506 (a).

13. Basu is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the counterclaims because Basu cannot understand what is being stated in paragraph 13 of the counterclaims, and therefore denies the same.

14. Denied.

### Third Counterclaim – Invalidity of Copyright Reg. No. VA 1-652-851

15. Plaintiff incorporates and realleges its responses to paragraphs 1-14 as if fully set forth herein.

16. Admitted that Basu signed and submitted on or about February 10, 2009 to the Copyright Office of a copyright application which was registered as Reg. No. VA 1-652-851. Denied as to having certified the application under oath pursuant to 17 USC 506 (a) as the certification portion of a Copyright Application states 17 USC 506 (e), and not 17 USC 506 (a).

17. Basu is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the counterclaims because Basu cannot understand what is being stated in paragraph 17 of the counterclaims, and therefore denies the same.

18. Denied.

### JURY DEMANDED

19. Basu herein demands trial by jury on Defendants' Counterclaims.

### PRAYER

**WHEREFORE**, Basu prays for the Court to enter judgment in its favor, including:

  A. That Defendants' Counterclaims be dismissed;

  B. That Defendants, their employees, owners, members, agents, servants, related companies, and all persons and/or entities in privity with them, or any of them, be permanently enjoined from infringing the copyrights of Basu in the copyrighted 400-PS Design of the '083 Reg., 257-PRA Design of the '730 Reg., and Rose #5 Design of the '851 Reg., in any manner including, but not limited to, manufacturing or having manufactured for them, printing or having printed for them, reprinting or having reprinted for them, painting or having painted for them, importing, exporting, illustrating, publishing, displaying, vending, distributing, offering to sell, selling, shipping, delivering, promoting and/or advertising any copies of such works which are the subject of said copyrights, including but not limited to an injunction against defendants from using any unauthorized copies of the copyrighted designs, or causing and/or participating in such manufacturing, printing, reprinting, painting, importing, exporting, publishing, displaying, distributing, offering to sell, selling, promoting, or advertising of copies of such works;

  C. That Defendants be required to immediately deliver up to Basu all items bearing the infringing designs, which are in their possession or under their control, and to deliver up for destruction all material for implementing such infringing works;

  D. That Defendants be required to disclose to Basu the identities, including the names, addresses, phone and facsimile numbers and e-mail addresses, of all of their customers of the infringing items;

  E. That Defendants be required to disclose to Basu the identities, including the names, addresses, phone and facsimile numbers and e-mail addresses, of all persons and/or artists who assisted them in creating their infringing designs;

  F. That Defendants be required to pay Basu such damages as Basu sustained in

consequence of Defendants' infringements of Basu's copyrights, and to account for all gains, profits and advantages derived by Defendants from said infringements, whether direct, contributory or induced, and whether joint or several, and that such award for damages be increased due to the willful and wanton nature thereof;

   G. That Defendants pay to Basu its costs of this action, including Basu's reasonable attorneys' fees, as the Court may allow Basu; and

   H. That Basu be granted such other and further relief as the Court may deem just and proper.

**KAPLAN GILMAN & PERGAMENT LLP**

Dated:  November 23, 2010  By:  s/Jonathan M. Doloff
            Jonathan M. Doloff (JD 5287)
            *Attorneys for Plaintiff and Counterclaim-Defendant*
            1480 Route 9 North, Suite 204
            Woodbridge, NJ 07095
            Tel:  (732) 636-4500
            jdoloff@kgplaw.com

## **CERTIFICATE OF SERVICE**

It is hereby certified that a true and correct copy of the following document was served on the persons referenced below on this 23rd day of November, 2010, via first class mail, postage prepaid and via the Court's online ECF system:

**PLAINTIFF THE BASU GROUP, INC.'S ANSWER TO MIDNIGHT VELVET, INC.'S AND SEVENTH AVENUE, INC.'S COUNTERCLAIMS**

Dave Brezina, Esq.
Ladas & Parry LLP
224 S Michigan Ave, Suite 1600
Chicago, IL 60604
Phone:  (312) 427-1300
*Attorneys for Defendants Midnight Velvet, Inc. and Seventh Avenue, Inc.*

David G. Gilfillan, Esq.
Carella, Byrne, Cecchi,
   Olstein, Brody & Agnello
5 Becker Farm Road
Roseland, New Jersey 07068
Phone: (973) 994-1700
*Attorneys for Defendants Midnight Velvet, Inc. and Seventh Avenue, Inc.*

Sergei Orel, Esq.
Law Office of Sergei Orel, LLC
7000 J F Kennedy Boulevard East
Suite M-21D, Lower Level Mall
Guttenberg, NJ 07093
Phone: 1-201-945-5525
*Attorneys for Defendants L and D Handbags& Accessories, Inc. and Dominique Minassian*

Dated:  November 23, 2010          By:     s/Jonathan M. Doloff
                                                Jonathan M. Doloff